## YOUNG'S HEIRS v. VEILLON.

### No. 2050.

Court of Appeal of Louisiana.  First Circuit.

Dec. 20, 1939.

Pavy & Pavy, of Opelousas, for appellant.

E. Herman Guillory, of Ville Platte, for appellee.

OTT, Judge.

The suit is on a promissory note for the sum of $389.10, dated January 1, 1930, payable to the order of Eloi Young on November 15, 1930, with 8% per annum interest from date until paid, and which note provides for ten per cent attorneys fees in case of suit thereon.  It is alleged that at various times the defendant, Alfred Veillon, made payments of interest on the said note, the last of such payments being on November 15, 1932.

The suit was filed by Mayance Young in his own behalf as one of the heirs of Eloi Young, deceased, and also as attorney in fact for the other heirs of the said deceased, all of these heirs claiming to be the co-owners of the note as heirs of the original payee.  It is alleged that the note is the only asset of the estate of the deceased, all of his cattle and movable effects having been sold for the purpose of paying doctor bills and funeral expenses of the deceased.

The defendant filed an exception of no right or cause of action which was overruled by the trial court, and no further mention is made of this exception, and we assume it has been abandoned.  The defendant answered admitting that he signed the note sued on, and alleged that said note had been paid and discharged in the following manner:  that some six months before the death of the deceased, the latter, who was then ill and in need

of medical and nursing care proposed to the defendant that if he, defendant, would take care of him during his last illness, pay for his medicine and nursing, and in case of his death, pay the funeral expenses, he would accept these services from the defendant in full settlement of the note sued on, and in addition thereto the deceased would transfer to the defendant another note for $100, executed by the plaintiff, Mayance Young, dated November 29, 1930, payable November 29, 1931, and made payable to the order of the deceased, Eloi Young; that he, defendant accepted this offer of the deceased and performed the services which he was required to perform in taking care of the deceased for the last six months or so of his last illness, paid his doctor bills, provided medicines and nursing for the deceased, all of which was of a value and expense far in excess of the amount of said notes; that the deceased delivered to the defendant prior to his death the $100 note, but the other note, the one herein sued on, had been misplaced and could not be delivered to him, but that the same has been fully paid and discharged.

The defendant filed a reconventional demand against the plaintiff, Mayance Young, for the $100 note, interest and attorneys fees thereon, to which reconventional demand the plaintiff filed a plea of five year prescription against the said note. The case was tried and judgment rendered rejecting the principal demand of the plaintiff and dismissing his suit, and also rejecting the reconventional demand of the defendant. The plaintiff has appealed, and as the defendant has not appealed from the judgment which dismissed his reconventional demand, that demand is not before this court.

Having admitted the execution of the note and pleaded its payment and discharge, the burden rested on the defendant to prove the satisfaction and discharge of his obligation. The issues involve questions of fact as to whether or not the defendant had an agreement with the deceased prior to his death for performing the services set forth in the answer in consideration of a discharge of the note, and whether or not the defendant performed such services and incurred the expenses which he claims paid and satisfied the obligation.

Counsel for appellant has filed no brief in this court, although a request was made and granted for further time to file briefs when the case was argued and submitted. We have given careful consideration to the evidence and cannot say that the trial judge was in error in finding that the defendant had proven a discharge of the note in the manner set forth in his answer. While the evidence is conflicting, we believe the trial judge was justified by a preponderance of the evidence in the conclusion which he reached.

On the point as to whether or not the defendant had such an agreement with the deceased as he sets out in his answer for the discharge of the note, the defendant is corroborated by the testimony of at least two other witnesses who claim to have heard the agreement, one of whom was the widow of the deceased (and the mother of the defendant) who was in the home with him and assisted in nursing and taking care of him until his death. The plaintiff, a son of the deceased, and the other children and grandchildren, plaintiffs in the suit through their brother and uncle, lived some distance from their father and grandfather and do not appear to have given the old man much help and attention in his last illness which lasted for several months, during which time he was confined to his bed for most of the time and of course needed a great deal of help and required the services of doctors and others to help nurse and care for him. The defendant lived near the deceased and visited and assisted him frequently before the agreement was entered into, and it is quite natural that the helpless old man would look to this neighbor and step-son for help in his declining years and lingering illness from which he did not expect to recover. He knew that constant services would be required and financial expenditures would be needed for medicines and doctors, and, in the event of his passing, that some one would have to see to his decent interment.

It is shown by several witnesses in addition to the defendant himself that the latter did render services to the deceased, took him to doctors, provided for his nursing, procured his medicines, and, after his death, paid for the funeral expenses. All of these services, together with the outlays of money necessary for the defendant to make, were fully equal in value to the amount of the notes which the defendant claims that the deceased agreed to

give him as remuneration for the service and expense.

■ Counsel for plaintiff objected to any and all evidence offered by the defendant to prove that the note had been satisfied and discharged in the manner claimed by the defendant on the ground that the effect of such evidence would be to prove by parole a debt or liability on the part of a person deceased contrary to Act No. 11 of 1926. This act prohibits the proof by parole of any debt or liability on the part of a party deceased, if a suit on the asserted indebtedness or liability shall have been brought more than twelve months after the death of the deceased. The act only prohibits proof by parole of a debt or liability against a deceased person where suit is brought on the claim more than a year after the death of the deceased, but the act does not prevent a third person when sued by the succession or its representative to show by parole that he has paid or discharged the claim, for in that case such person is not trying to fix any debt or liability against the succession by suit.

The plaintiff offered evidence to prove that the defendant, several months after the death of Eloi Young, signed his name on the back of the note to acknowledge its validity. The purpose of the testimony, as stated by counsel, was to rebut the testimony of the defendant to the effect that some six months prior to the death of said Young, he had this agreement with the deceased by which the note was to be released in consideration of defendant's caring for deceased and looking after his burial. The defendant testified on cross examination that he had not admitted to plaintiff and another witness that he owed the note, and he was asked if he had not signed his name on the back of the note to acknowledge that it was due and owing. The tendered evidence was excluded after objection made to its admissibility on the ground that such evidence would contradict the allegations of the petition wherein it was alleged that the last payment of interest was made on November 15, 1932, and would contradict the endorsement on the note itself.

■ ■ While the evidence might have been inadmissible under the allegations of the petition and the endorsement on the note for the purpose of showing that payments had been made at a time other than that alleged, yet we think the testimony was admissible on cross examination of the defendant to test his credibility on his denial that he had admitted owing the note. However, we cannot say that, if the testimony had been admitted for this purpose, the result would have been different, and we do not think the error in refusing to admit the evidence was of sufficient importance to justify a remand of the case.

Ordinarily, when the maker of a note pays it, he secures the note from the holder. In fact, one of the best forms of evidence that a note has been paid is its possession by the maker. The note sued on in this case was never actually in the physical possession of the defendant. However, the explanation for the failure of the defendant to have possession of his note which he claims was discharged, is fairly satisfactory and reasonable. The deceased had the note in his home, and the agreement to have it discharged by services rendered him before and after his death, was made before these services were rendered and the expenses incurred. The fact that the note was not then actually delivered to the defendant before the services were performed is not unreasonable, as he no doubt assumed that it would be turned over to him after the holder and owner recovered from his illness, if he did recover, or that he would procure the note after the death and burial of the deceased. But it seems that the note was procured by plaintiff from the effects of the deceased before it was delivered to the defendant.

Finding no error in the judgment appealed from, the same is affirmed at the cost of the appellant.