LOTTINGER, Judge.
This is a suit for workmen’s compensation benefits filed by Olzro Garner against T. R. Johnson Plumbing Company and the Aetna Casualty and Surety Company. By supplemental and amending petition, an alternative demand for workmen’s compensation benefits was made against Larry Doiron, Inc. and its insurer, Fireman’s Fund Insurance Company. The Lower Court rendered judgment for total and permanent disability in favor of petitioner and against the defendants, T. R. Johnson Plumbing Company and the Aetna Casualty and.Surety Company, jointly and in solido, plus penalties and attorney fees. By a separate judgment the suit of petitioner against Larry Doiron, Inc. and Fireman’s Fund Insurance Company was dismissed and a third party pleading filed by Aetna Casualty and Surety Company and T. R. Johnson Plumbing Company against Larry Doiron, Inc. and Fireman’s Fund Insurance Company was also dismissed. T. R. Johnson Plumbing Company and the Aetna Casualty and Surety Company took suspen-sive appeals. The petitioner, Olzro Garner, took a devolutive appeal from the dismissal of its alternative action against Larry Doiron, Inc. and Fireman’s Fund Insurance Company.
The original petition filed herein against T. R. Johnson Plumbing Company and his insurer alleges that the petitioner sustained *20 an accident on or about September 8, 1964, while he was working as a plumber for T. R. Johnson Plumbing Company. The accident resulted in a severe permanent painful injury to petitioner’s back for which he seeks total and permanent disability payments for a period of four hundred weeks at the maximum rate of $35.00 per week. He also claims $2,500.00 for medical services and expenses as well as penalties and attorney fees because of the alleged arbitrary and capricious action of the original defendants in stopping the payment of compensation benefits as provided under the workmen’s compensation act.
By supplemental and amending petition, the petitioner amended his original petition so as to add a demand against Larry Doiron, Inc. and its insurer, Fireman’s F'und Insurance Company for workmen’s compensation benefits from an alleged second accident on May 7, 1966, while working for Larry Doiron, Inc. The petitioner claims that as a result of this second accident, he suffered a severe permanent painful injury to his back, or alternatively an aggravation of the prior pre-existing back injury. In this second demand, the petitioner claims benefits at the maximum rate provided by law, plus $2,500.00 for medical services and expenses as well as penalties and attorney fees.
Subsequent to the filing of answers, the substance of which was a general denial of the respective claims of petitioner, by both sets of defendants, T. R. Johnson, doing business as T. R. Johnson Plumbing Company and Aetna Casualty and Surety Company, filed a third party petition in which they seek reimbursement from Larry Doiron, Inc. and his insurer for certain medical expenses paid by them subsequent to the second alleged accident of the petitioner.
There is no question but that the petitioner did receive disabling injuries while working for T. R. Johnson Plumbing Company as a plumber as is alleged in the original petition, and for which he was paid certain compensation benefits. There is, furthermore, no question but that at the time of the trial of this matter the petitioner was disabled from injuries to his back. The sole questions to be determined by the Court is as to whether or not the petitioner did sustain a second accident causing additional, or aggravating pre-ex-isting injuries to his back while working for Larry Doiron, Inc. and, if so, whether such accident aggravated the pre-existing back injury; and the question of whether or not penalties or attorney fees were justified in this case.
The petitioner himself testified that some four or five months following the first accident he went to work for Larry Doi-ron, Inc. “tying in sewer lines.” He contends that during April or the first part of May, 1966, he was standing in a hole repairing a sewer line in Morgan City when his helper slipped the pipe down to him and in twisting around he hurt his back. He testified that the helper was Sam Stewart, and that he told Sam Stewart of the injury to his back. At the time of the accident, petitioner contends that he was working in Morgan City, Louisiana.
Sam Stewart, the alleged helper, corroborated the testimony of petitioner regarding the occurrence of the accident in Morgan City. The petitioner’s wife, furthermore, testified that petitioner mentioned the occurrence of the accident to her when he had knocked off from work that afternoon.
On the other hand, we have the testimony of Mr. Wilson Stephens, Superintendent for Larry Doiron, Inc., Mr. Davis Doiron, Foreman for Larry Doiron, Inc. and Larry Doiron himself, President of the company, who gave contradictory testimony regarding the occurrence of a second accident.
Mr. Wilson Stephens, Superintendent of Larry Doiron, Inc., testified that petitioner worked mainly on Grand Isle during the period from January 1, 1966 to May, 1966, and that while Sam Stewart worked *21 for Larry Doiron, Inc., his work was exclusively in Gretna, Louisiana, and not Morgan City. Davis Doiron, a foreman for the Doiron company, testified that the petitioner was always complaining of his previous back injury, that the petitioner wore a belt most of the time, and that he had never been advised by petitioner of any second accident while working for the Doiron company. Mr. Larry Doiron testified that the petitioner worked continuously on Grand Isle, Louisiana, from January through May, 1966, except for a couple of days when petitioner worked at Mr. Doiron’s home. At the time petitioner was working on Mr. Doiron’s home, Mr. Doiron was present supervising it. Mr. Doiron further testified that the Bayou Vista job in Morgan City, upon which petitioner claims to have been working when the accident occurred, had been completed prior to the time of the alleged second accident. He also testified that petitioner had never told him of an accident while working for his company.
The company payroll records which were introduced in evidence show that Sam Stewart worked in Gretna during his entire employment with the Doiron company. These records further show that the petitioner was working on Grand Isle at the time of the alleged second accident.
Thus we find that there is strong evidence to the effect that the petitioner was not working at the scene of the alleged accident at the time that he claims it occurred. There is also substantial evidence in the record to the effect that petitioner on many occasions complained of pain to his back as a result of the previous accident, and that the petitioner was unable to go to work on many occasions because of a drinking problem.
The petitioner claims that the Lower Court committed reversable error in allowing the admission into evidence of the payroll records which showed that the petitioner and his witness, Sam Stewart, were not working in Morgan City at the time of the alleged accident. Article 2248 of the Louisiana Civil Code provides that “The books of merchants can not be given in evidence in their favor; they are good evidence against them, but if used as evidence, the whole must be taken together.” In Hincks v. Converse, 38 La.Ann. 871, the Supreme Court held that the rule with regard to books of a merchant being inadmissible in his favor, does not apply to those of corporations. In Crosby v. Little River Sand and Gravel Development, 212 La. 1, 31 So.2d 226, the Court said:
“This court in recent years has greatly relaxed the stringent rule of Article 2248, and under modern business methods to apply the rule would in many instances work grave injustices. Under the proof and evidence here adduced that the job sheets themselves were made under the personal supervision of plaintiff and that he personally checked each job sheet and initialed it to show the correctness thereof, and in view of the testimony of Roberts, plaintiff’s bookkeeper, that the account sued on was true and correct, we are of the opinion that the rule should not be applied in this case.”
Wigmore on evidence, in discussing the admissibility of such documents, in Volume 5, Section 1523 states:
“Regular Course of Business. The first general requirement is that the entry must have been made in the regular course of business.”
In Section 1525, Wigmore on evidence, we find:
“Regularity. The entry offered must of course be a part of a series of entries, or reports, not a casual or isolated one.”
In Section 1526, Wigmore further states:
“Contemporaneous with the Transaction. The entry should have been made at or near the time of the transaction recorded, *22 not merely because this is necessary in order to assure a fairly accurate recollection of the matter, but because any trustworthy habit of making regular business records will ordinarily involve the making the record contemporaneously.”
Had the bookkeeper who made the entries in the payroll sheets testified, all she could offer was that she made the entries in the usual course of business on the basis of information furnished by Larry Doiron, Wilson Stephens or Bernie Adams, all of whom testified that Sam Stewart was working in Gretna at the time of the alleged accident. Furthermore, these payroll records were actually introduced for the purposes of corroboration of the testimony of the defendant’s witnesses and not as primary proof in lieu of any other testimony. Any hearsay rule which might otherwise have precluded such evidence under a narrow interpretation would not be applicable when the documents were offered in corroboration of other testimony of those who had direct knowledge of what was in the documents.
We feel that the preponderance of the creditable evidence clearly discloses that at the time of the alleged accident petitioner was working at Grand Isle and his star witness, Sam Stewart, was working in Gretna, and neither of these individuals were working in the vicinity of Morgan City where the alleged accident occurred. Therefore, under our doctrine of “falsus in uno, falsus in omnibus”, the entire testimony of both petitioner and his witness, Stewart, was effectively discredited by the defendant, Larry Doiron, Inc. Long v. Matthews, La.App., 186 So.2d 868, writ refused, 249 La. 576, 187 So.2d 739. Accordingly, the Lower Court was correct in dismissing the action as against Larry Doiron, Inc., as the plaintiff has failed to sustain his burden of proof to show an accident while working for said company.
At the time of trial herein, the petitioner was still suffering disability from the accident which he sustained while working for T. R. Johnson Plumbing Company. In his capacity as plumber with this concern he was required to perform heavy manual labor. The evidence reflects that subsequent to this accident, when he was medically discharged to perform light labor, he secured the employment with Larry Doiron, Inc. doing the lighter labor of a plumber’s helper. He was given an assistant to help him in his work, and his specific job was to repair broken sewerage pipelines. Both the testimony of Dr. Irving Redler, an orthopedic surgeon, and Dr. Julius Fernandaz, a general physician, was to the effect that the petitioner suffered a disk injury as a result of the accident from which he had been discharged to secure light work. Dr. Redler, who testified by deposition on December 7, 1966, and Dr. Franklin, who testified at the trial on the merits on December 20, 1966, both testified that as of such respective dates the petitioner was disabled to do the heavy work of a plumber. Accordingly, the Lower Court was correct in holding that at the time of the trial the petitioner was totally and permanently disabled from the accident which he sustained while working with T. R. Johnson Plumbing Company, and in awarding judgment accordingly.
With regard to the plaintiff’s claim for penalties and attorney fees, the record discloses that on June 16, 1965, Dr. Redler discharged petitioner without any residual disability. Subsequent to the time of the alleged second accident when the petitioner returned to Dr. Redler giving a history of the second accident and complaining of a re-injury to his back, Dr. Redler sent his report to defendant, Aetna Casualty Com-’ pany, as they were the only people that he had ever dealt with in connection with the back injury. He testified that the question arose as to whether or not Aetna would be responsible for the costs of the examination and treatment as well as the hospitalization and surgery cost for the performance of a myleogram on petitioner. He stated that they decided that since the man was having *23 a lot of trouble and that he felt that he needed hospitalization, that Aetna would go ahead and authorize the admission of petitioner to the hospital for surgery and that they would straighten out the responsibility for medical costs later.
In view of these facts which came to the attention of Aetna that the petitioner had received a second accident, we do not believe that they could be held arbitrary and capricious in terminating their payment of workmen’s compensation benefits. We, therefore, feel that the Lower Court erred in awarding the petitioner penalties and attorney fees.
For the reasons hereinabove assigned, the judgment of the Lower Court will be amended so as to delete therefrom the award for penalties and attorneys fees in favor of petitioner and against the defendant, T. R. Johnson Plumbing Company and the Aetna Casualty and Surety Company and, as so amended, the judgment of the Lower Court will be affirmed. All costs of this appeal shall be paid by petitioner.
Judgment amended and affirmed.