TATE, Judge.
Mrs. Billie Pritchard was injured while stepping from a taxicab. She and her husband sue for damages resulting from inju *613 ries thereby suffered. Made defendants are the alleged owner (Wolfe), driver (Carson), and the liability insurer of the vehicle.
The trial court dismissed the plaintiffs’ suit. It held that the evidence did not preponderantly prove that the vehicle was one belonging to or operated by Wolfe or Carson. The plaintiffs appeal.
The plaintiff wife had sent for a taxi to leave a night-club at about 11:00 one Friday evening. Another customer took the taxi ordered. The night-club owner (Jake) then pointed out a man standing near the bar as a taxi driver, and the latter agreed to take the plaintiff home. The plaintiff was injured as she stepped out of the cab.
The plaintiff, Mrs. Pritchard, and her sister identified the driver as the defendant Carson, an employee of the defendant Wolfe. They were unable to identify the vehicle itself as a Wolfe taxi, other than that it was a light-colored old-model car. (They did not notice whether it had taxi lights, or other markings showing it to be a taxicab.)
Carson denies that he was the driver. The dispatch records of the taxicab were introduced into evidence. They show that no taxicab was dispatched to deliver to the plaintiff’s address during the hours in question.
Carson himself testified that, as dispatcher, he had never left the office on the day of the accident until near midnight. The dispatch records in his handwriting on the day indicate that he dispatched approximately 300 taxicabs between 3:30 in the afternoon and 11:30 that evening, with these entries being mostly within a minute or two of each other.
The dispatch entries thus tend to indicate that Carson could not have been absent from the downtown dispatch office several miles distant from the nightclub during the time in question. Testimony of other witnesses corroborate this circumstance and also tends to exclude a vehicle of the description given by the plaintiff and her sister as one of those operated by the defendant Wolfe. Further, Wolfe’s taxis comprised only about 20% of those operating in the Alexandria area.
Testimony of the owner Wolfe and of another taxi driver (who had been called by the plaintiffs) showed that Carson did not engage in taxi-driving duties during the months he worked as dispatcher. This was also corroborated by the nightclub owner (Jake), who denied remembering any incident whereby he secured Carson or any taxi-driver for the plaintiff.
The issue is primarily factual whether the plaintiffs identified the driver and vehicle allegedly causing injury. The trial court held that the evidence did not preponderantly prove that a driver or vehicle for whom any of the defendants were responsible had picked Mrs. Pritchard up that evening.
We find no manifest error in the trial court’s evaluation of the factual testimony to this effect. To some extent, further, this evaluation represents an evaluation of the credibility of the witnesses, a matter peculiarly within the province of the trier of fact.
The plaintiffs’ able counsel further contends, however, that the trial court committed error in admitting over his objection the dispatch records of Wolfe’s taxicab. He contends that under Louisiana law business records are not admissible in favor of him who has written them. Civil Code Articles 2248, 2249.
If the Code articles applied literally, there is considerable merit to this objection. Although the dispatch records were required to be kept by the licensing authority, they were records kept by the business itself, and thus do not fall within *614 the “official record”[1] or other[2] statutory exception to the rule enunciated by these articles.
However,. the modern Louisiana jurisprudence has greatly restricted the application of the articles. See Comment, Business Records in Louisiana as Exceptions to the Hearsay Rule, 21 La.L.Rev. 449, esp. 454-456 (1961). As summarized by our Supreme Court in Crosby v. Little River Sand & Gravel Development, 212 La. 1, 31 So.2d 226, 229: “This court in recent years has greatly relaxed the stringent rule of Article 2248, and under modern business methods to apply the rule would in many instances work grave injustices.” See also Garner v. T. R. Johnson Plumbing Co., La.App. 1st Cir., 208 So.2d 18.
The excellent comment above-cited concludes, 21 La.L.Rev. 459-60: “The modern Louisiana cases can be summarized as follows. Records of industrial and commercial organizations, as well as medical reports and hospital records are admissible as proof of their assertions if: (1) persons concerned with recording the information are unavailable for testimony, or production of such persons would be a needless burden; (2) the first collected record available to or usable by the court is introduced; (3) the records are identified at the trial by one familiar with the bookkeeping procedure; and (4). the evidence seems reliable after considering such factors as (a) contemporaneousness of the entry with the occurrence or fact recorded, (b) first-hand knowledge of the entrant, (c) existence of a business or professional duty to record or report the facts in the regular course of business, (d) completeness and honest appearance of the books, (e) absence of fraud in making the entries or in destroying the supporting memoran-da, and (f) perhaps, whether the books belong to a third party.”
In the present instance, these criteria were met. The owner (Wolfe) and Carson identified the records and explained how they were made, with Carson himself identifying the five pages of entries made by him contemporaneously with the dispatch-calls. The records were those required by licensing ordinance to be kept in the regular course of business. The entire records appear to be complete and honest, and there is no suggestion of fraud or deception.
Ultimately, therefore, we find that these records were correctly admitted under present circumstances, where their limited purpose was (1) merely corroborative of other testimony that Carson was at his dispatch post at all relevant hours of the evening and, also (2) as corroborative evidence tending to exclude Wolfe’s taxis as having been dispatched to take the plaintiff home that night, shown perhaps more reliably by these contemporaneous entries than by the memory of witnesses several months later.
Counsel also ingeniously attempts to explain discrepancies between the description of the vehicle which transported the plaintiff and those of the taxis operated by Wolfe. He suggests that Carson may have shown up at the night club after work and had then offered his personally owned light-colored vehicle to take the plaintiff home. However, this argument is unavailing, upon accepting the trier’s finding that the plaintiffs failed to prove that Carson was the driver who picked up the plaintiff on the night of the accident.
We therefore affirm the trial court’s dismissal of the plaintiffs’ suit, at their cost.
Affirmed.

. See LSA-CCP Art. 1394 and LSA-R..S. 13:3711, permitting proof by certified true copies of records kept by Louisiana governmental agencies themselves, if otherwise admissible under rules of evidence.

. Such as, e. g., LSA-R.S. 13:3714, permitting prima facie proof of public hospital records by certified copy.