ON APPLICATION FOR REHEARING
PER CURIAM.
In her Application for Rehearing Mrs. Lenard argues that this court erred when it concluded that “... there was no competent evidence submitted to sustain any judgment on the Third-party demand.” Applicant contends that it was not the stipulation between counsel but the documentary evidence which persuaded the trial court to find “that Carver General Insurance Agency, Inc. had failed to issue to Mr. Lenard the policy of liability insurance sought.” According to the application: “This [the documents] was the evidence offered in support of the Third-party demand by Mrs. Lenard....”
The crux of Mrs. Lenard’s argument is contained in the following paragraph of the application:
Under the business records doctrine, which does not here require citation, the documentary evidence in support of the Third-Party Demand required no testimony nor stipulation. They were and are admissable by and of themselves. Further, those documents could also be classified as an admission against interest imposing liability on the part of Third-Party Defendants.
Contrary to applicant’s assertion, under the business record exception to the hearsay rule, the testimony of the custodian or other qualified witness who can explain the record-keeping procedure is essential. Without this testimony the records must be excluded. Theus, Grisham, Davis & Leigh v. Dedman, 401 So.2d 1231 (La.App. 2d Cir. 1981); Miles v. New Orleans Public Service, Inc., 393 So.2d 877 (La.App. 4th Cir.1981); Herlitz Construction Company, Inc. v. Clegg Concrete, Inc., 378 So.2d 1002 (La.App. 1st Cir.1979); Pritchard v. Wolfe, 230 So.2d 612 (La.App. 3d Cir.1970); Comment, Business Records in Louisiana as Exceptions to the Hearsay Rule, 21 La.L.Rev. 449 (1961). Without the stipulation, which our original opinion excluded, there is no testimony which supports the admissibility of the doc *942 uments which applicant hoped would sustain her claim. None of the predicate requirements for admissibility of business records as set forth in the cases cited above, were met. The records offered by Mrs. Lenard should have been excluded; without them the judgment on the third-party demand cannot be sustained.
Accordingly, the application for rehearing is denied.