KING, Judge.
The issue presented by this appeal is whether or not the trial court was correct in allowing the defendant an offset against his indebtedness due his former wife on *306 two promissory notes. The offset was permitted because of defendant’s payment of the unpaid balances of community credit card accounts which defendant’s wife was ordered to pay in the judgment of separation.
Plaintiff filed suit against her former husband on two promissory notes, made subsequent to the parties’ legal separation, for the principal, interest, and attorney’s fees allegedly due. Defendant answered with a general denial and also urged an affirmative defense, alleging that if any sums were owed on the notes that those sums were offset by moneys plaintiff owed to the defendant. At the trial on the merits defendant introduced, without objection, a copy of the judgment of separation, granting the plaintiff custody of the minor children and ordering plaintiff to assume payment of unpaid balances owed on Sears Roebuck, Montgomery Wards, and Visa charge accounts, copies of cancelled checks of defendant and itemized statements indicating that defendant had paid amounts on the charge accounts exceeding any amount which might otherwise have been due under the terms of the promissory notes, and copies of plaintiff’s Chapter 7 Bankruptcy petition and schedules listing the defendant as a creditor. At the conclusion of the trial the trial judge rendered judgment dismissing plaintiff's claim against the defendant under the promissory notes. The trial judge found that the amounts which the defendant paid on the unpaid charge accounts, which plaintiff was obligated to pay by court order and which defendant paid because of an agreement of the parties, exceeded the amounts allegedly due by defendant to plaintiff on the promissory notes, and that the defendant was entitled to have his debt due plaintiff under the promissory notes offset by the plaintiff’s debt to him as a result of the defendant’s payment on the charge accounts.[1] From this judgment the plaintiff now appeals, contending that the promissory notes were for past due child support and that, therefore, the husband was not entitled to offset his claim against her to defeat a claim of the plaintiff, on behalf of her children, to enforce a promissory note given in consideration of past due child support. We affirm.
FACTS
George Melvin Derouen (hereinafter defendant) and Gerlie Huval Derouen (hereinafter plaintiff) were married and then were legally separated by a judgment of separation dated April 19, 1982. The judgment of separation, part of which was stipulated and agreed to by both parties, specified, among other things, that the plaintiff, the mother, was to have custody of the three minor children of the marriage, that defendant, the father, was to pay $600.00 per month child support, and that plaintiff was to assume the payment of unpaid balances owed on community debts for Sears, Montgomery Wards, and Visa charge card accounts.
On December 7, 1982, defendant gave a promissory note for $1,000.00 payable to the order of plaintiff, with a provision for interest and attorney’s fees, and, on February 22, 1983, defendant gave a second promissory note for $690.00, also with a provision for interest and attorney’s fees, payable to the order of plaintiff. It is admitted by both parties that at least part of the consideration for the promissory notes was child support payments.
It is also admitted that plaintiff has made no payment on the charge card account balances, contrary to the court order for her to do so contained in the April 19, 1982 judgment of separation, and that defendant made all payments on the unpaid balances owed on the Sears, Montgomery Wards, and Visa charge card accounts, which payments totalled over $2,800.00. Defendant also paid plaintiff approximately *307 $150.00 toward the balance of the promissory notes.
On January 31, 1984, plaintiff filed a voluntary petition for Bankruptcy in the Western District of Louisiana under Chapter 7 of Title 11, United States Code. In her petition and schedules she listed defendant as a creditor in the amount of $1,600.00. She did not, however, list the promissory notes, made by defendant payable to her order, as assets of her bankrupt estate.
On April 17, 1985, plaintiff filed suit against defendant on the two promissory notes seeking the amount of principal, plus interest and attorney’s fees, due on each of the notes. Defendant answered, alleging the defense of his entitlement to an “offset” due to his claims for money due and owing to himself by plaintiff which eq-ualled or exceeded the amount claimed in the plaintiff’s principal demand.
At a trial on the merits held on November 8, 1985, plaintiff admitted that she had listed defendant as a creditor on her bankruptcy petition in the amount of $1,600.00, however, she contends that this was a mistake. She also contends that her husband is indebted to her children for moneys owed for child support and that she is entitled, as administrator of the estate of the children, to collect on the promissory notes on behalf of her children. Plaintiff also contends that defendant is not entitled to an “offset”, since she is not attempting to collect the notes for herself but rather on behalf of her minor children. The trial judge concluded that defendant was entitled to an offset for the amounts he paid on the Sears, Montgomery Wards, and Visa charge card accounts, and, since the amounts paid on the accounts exceeded the amounts collectable under the terms of the promissory notes, plaintiff’s suit on the two notes was dismissed at her cost. Judgment was signed on November 25, 1985 reflecting the action of the trial court.
DEFENDANT’S RIGHT TO CREDIT ON THE PROMISSORY NOTES
Defendant contends that his payment of the Sears, Montgomery Wards, and Visa accounts entitles him to an offset and/or legal subrogation in an amount equal to the amount of the debt paid on behalf of plaintiff. The trial court determined that defendant was entitled to an “offset of the debt [on the promissory notes] by payment of a debt that was owed by the plaintiff [to assume payment of the charge accounts] by order of the Court, and by agreement, apparently of the parties.” The trial court further found that the amount of payments made by defendant on behalf of plaintiff amounted to at least the amount of defendant’s debt owed under the two promissory notes and therefore, that the plaintiff’s petition should be dismissed.
From our examination of the record, we find that there was adequate evidence from which the trial judge could have concluded that plaintiff and defendant had agreed that defendant would pay the credit card accounts owed by plaintiff in exchange for extinguishment of defendant’s obligations under the two promissory notes. Defendant testified at trial that plaintiff had agreed to cancel out defendant’s obligations on the promissory notes in exchange for the payment of the charge accounts. Plaintiff filed a petition for bankruptcy approximately one month after defendant completed payments of the charge accounts and listed defendant as one of her creditors in the amount of $1,600.00 and did not list the notes as assets. Although plaintiff contends that no agreement existed to cancel defendant’s obligations under the notes in exchange for his payment on the charge accounts, the trial judge apparently found such an agreement and, absent manifest error, we will not disturb such a finding of fact. Canter v. Koehring Company, 283 So.2d 716 (La. 1973). Where a debtor and creditor agree that in exchange for the debtor’s payment or obligation the debtor’s promissory note in favor of the creditor will be extinguished, the debtor’s performance under the agreement extinguishes the debtor’s obligation on the note. Former La.C.C. Art. 2140, et seq., now C.C. Art. 1857; *308 Young’s Heirs v. Veillon, 192 So. 545 (La. App. 1 Cir.1939).
Plaintiff contends that the defendant is not permitted a credit on the promissory notes for payments on the charge accounts, since the consideration for the notes was, admittedly, in part, for child support. We note from the record that the parties also had pending, at the time of trial on this matter, a Rule to Show Cause For Past Due Child Support unrelated to the instant case. Such a procedure is the proper procedure for determining the amount of child support due. Further, this decision will not unduly prejudice the rights of the children, since child support may be modified at any time in accordance with the needs of the children or the ability of the supporting parent to pay. Smith v. Smith, 422 So.2d 701 (La.App. 3 Cir.1982); Kahn v. Kahn, 236 So.2d 654 (La.App. 2 Cir.1970).
For the foregoing reason the judgment of the trial court is affirmed. All costs of this appeal are taxed against the plaintiff-appellant.
AFFIRMED.

. The defendant asserted his payments on the charge accounts as a defense rather than a re-conventional demand and thus the trial court was not obligated to render judgment in defendant’s favor for the difference between the amounts due under the notes and the excess payments made on the charge accounts.