16 So.2d 361

Succession of DE LOACH.

DE LOACH et al. v. DE LOACH.

No. 36984.

Dec. 13, 1943.

Robert H. Wimberly, of Arcadia, and Truett L. Scarborough, of Rushton, for appellants.

Cook, Lee, Clark & Egan, of Shreveport, and M. M. Morelock, of Haynesville, for appellee.

HIGGINS, Justice.

Ira DeLoach and the widow and heirs of Frank DeLoach instituted this proceeding against the Successions of Mr. and Mrs. John Alexander DeLoach, alleging that, prior to the death of Frank DeLoach, Ira and Frank DeLoach entered into a verbal agreement with their father, John Alexander DeLoach, under the terms of which the three of them (all of whom were carpenters) were to build a house upon Lot No. 12 of Block No. 2 of the Miller Addition in the Town of Haynesville, La., which lot was owned by the father; that Frank DeLoach and his father each were to receive 90 cents per hour for his labor on the house and Ira DeLoach was to receive 75 cents per hour; that after the house was completed it was to be sold and from the proceeds of the sale the cost of the materials was to be deducted and the balance thereof was to be divided between the father and the two sons in proportion to the number of hours each of them worked on the house, at the basic rate of pay agreed upon; that the house was built in accordance with the agreement but the parties were unable to sell it because there was no demand for it at that time; that they then agreed that their father would rent the house and keep the rental money until he collected enough to pay for the materials and his labor at the rate of 90 cents per hour for 282½ hours, at which time the house would then belong to Ira and Frank DeLoach; that the above verbal agreement was entered into on August 1, 1921 and the house was completed during the same year; and that after the death of the father on September 30, 1924, his widow and the mother of Ira and Frank DeLoach continued to rent the building over the protests of the plaintiffs until, at the time of her death, the rentals exceeded the cost of materials and labor of the father to the extent of $3,428.

As against the Succession of the father, the plaintiffs prayed for judgment recognizing them as the owners of the house located on Lot 12 of Block 2, in their respective proportions, and for a monied judgment against the mother's succession in the sum of $3,428, with 5% interest thereon from April 27, 1942, until paid.

The defendant administrator of the Successions, without answering to the merits, filed an exception to the petition on the ground that since the plaintiffs were suing upon a verbal agreement alleged to have been entered into on August 1, 1921, and

John Alexander DeLoach died on September 30, 1924, under the provisions of Act No. 207 of 1906, as amended by Act No. 11 of 1926, parol evidence was incompetent and inadmissible to prove any debt or liability on the part of the deceased or his succession, because the suit was filed more than twelve months after the death of the alleged debtor or obligor.

The administrator also pleaded prescription of ten years under the provisions of Article 3544 of the Revised Civil Code in bar of the personal action for alleged rent said to have been collected more than ten years before the proceedings were instituted.

The administrator also pleaded ten years' prescription under Article 3509 of the Revised Civil Code, the petitioners having alleged that notwithstanding their claims of ownership and demands for possession of the house, the widow in community and her heirs refused to recognize them as owners and to surrender possession of the house to the plaintiffs and as there was no interruption of prescription, the petitioners' claims to the ownership of the house were prescribed.

The trial judge sustained the plea of prescription against the claim for rent that had accrued and had been collected ten years before the suit was filed, but overruled the plea of prescription of ten years against the claims for ownership of the house and the exception based upon Act No. 11 of 1926.

Upon the trial of the case on the merits, the plaintiffs attempted to introduce parol

evidence for the purpose of proving the alleged verbal agreement and the subsequent verbal amendment thereto, whereupon the defendant objected on the same grounds urged in the exception based upon Act No. 11 of 1926.

The district judge stated that he considered the objection well-founded but would permit the testimony to be taken so that in the event this court did not agree with his ruling, the appellate court would then have before it the testimony and, therefore, avoid the necessity of remanding the case to the district court. The objection and ruling were made general. The district judge entered judgment in favor of the defendant, dismissing the plaintiffs' suit, and they have appealed.

The defendant has answered the appeal and reiterated his pleas of prescription and his exception.

Act No. 207 of 1906, as amended by Act No. 11 of 1926, provides:

"Section 1. Be it enacted by the Legislature of Louisiana, That Parol evidence shall be incompetent and inadmissible to prove any debt or liability upon the part of a party deceased, if a suit upon the asserted indebtedness or liability shall have been brought more than twelve (12) months after the death of the deceased.

"Section 2. That parol evidence shall be incompetent and inadmissible to prove any debt or liability upon the part of a party deceased, if 'a suit upon the asserted indebtedness or liability shall have been brought within a delay of twelve (12) months after the death of the deceased,

unless it consists of the testimony of at least one credible witness of good moral character, besides the plaintiff; or unless it be to corroborate a written acknowledgment or a promise to pay, signed by the debtor."

From the allegations of the petition, it appears that the verbal contract was entered into on August 1, 1921, and that John Alexander DeLoach died on September 30, 1924, and his widow died on September 15, 1941. The present suit was instituted on May 25, 1942.

The plaintiffs' counsel contends that the above statute is inapplicable to this case for two reasons: first, that it does not apply to a suit to recover property as distinguished from a debt or liability, and, second, that as far as the claim for rent against the succession of the mother is concerned, the suit having been filed within twelve months from the date of her death, parol evidence was admissible · to prove that part of the claim for rent, which had not prescribed.

■ The obvious purpose of the Act of the Legislature is to protect the assets of the decedent from stale and unfounded claims which the deceased might have refuted by his testimony were he alive to defend himself. Vordenbaumen v. Gray, La.App., 189 So. 342, 348, Ct. of App.2d Cir.

■ In the case of Laterrière v. Board of Levee Com'rs, 182 La. 1060, 162 So. 773, 774; this court recognized that "debt" and

"obligation" were synonymous and, therefore, "debt" in its general sense means "obligation" which covers money, goods or services. See, also, R.C.C. arts. 2131, 2132.

Furthermore, the word "liability" is used in the statute and as the plaintiffs are seeking to hold the estate of their father "liable" for the delivery of the house in question, the case falls squarely within the provisions of the statute. Since more than eighteen years have elapsed from the date of the father's death until the suit was filed, the plaintiffs' attempt to prove liability by parol testimony obviously comes too late.

■ The right of the plaintiffs to claim rent from the succession of the mother is predicated upon their alleged ownership of the house. We have already decided that the plaintiffs are prohibited by law from introducing parol evidence to prove the oral agreement upon which they assert ownership of the house. Therefore, since the plaintiffs are unable to prove ownership of the house in themselves, they certainly cannot be granted a judgment for rent against the succession of the mother.

Having reached the above conclusion, it is unnecessary to consider the other issues in the case.

For the reasons assigned, it is ordered, adjudged and decreed that the judgment of the district court is affirmed at the appellants' costs.