REGAN, Judge.
Richard Warren Landry, executor of the Succession of Virginia Schultz Pohlmeyer, filed appropriate pleadings therein in order to obtain a disclaimer by the succession of any interest in forty-nine shares of stock represented by Certificate Number 1 of the D. & L. Dump Truck Service, Inc.,[1] of which he was the president. This stock certificate was in the name of Mrs. Pohlmeyer, and it had been designated by Landry, as executor, as an asset of her succession by virtue of a descriptive list filed by him therein on December 4, 1963, in lieu of an inventory.
In the course of the trial of the executor’s rule to show cause, Landry endeavored to prove through the introduction of a canceled check and parol evidence that the D. & L. Dump Truck Service, Inc., had purchased the decedent’s stock in the corporation and that the certificate therefor had actually been issued after Mrs. Pohl-meyer’s death, despite the fact that it is dated September IS, 1961, and her death occurred on September 14, 1963.
The lower court refused to permit the introduction of this evidence to prove the sale of the stock for the reason that such testimony would contravene the rationale of R.S. 13:3721, which prohibits the acceptance of parol evidence to prove any debt or liability of a deceased person against his succession representative unless suit had been filed within one year from the date of the decedent’s death. Consequently, to reiterate, the lower court refused to permit a disclaimer of the stock by the succession, and from this judgment, the executor, Landry, and R. W. Landry Contractors, Inc., have prosecuted this appeal.
The record reveals that Virginia Schultz-. Pohlmeyer died on September 14, 1963, and that on December 4, 1963, a descriptive list of the assets of the succession, in lieu of an inventory, was filed therein by Landry, as executor thereof, who listed the stock *872 as an asset of the succession and valued it at the sum of $490.00.
The executor did not exert any effort to have the stock disclaimed by the succession until September 1, 1965, almost two years after the death of Mrs. Pohlmeyer.
In the course of the trial of the rule to disclaim the stock, the executor introduced into evidence a canceled check made payable to D. & L. Dump Truck Service, Inc., and endorsed to Mrs. Pohlmeyer. The check is dated “5-22-1963”, and it is in the amount of $3,500.00. The executor, also, introduced into evidence Stock Certificate Number 1, dated September 15, 1961, representing forty-nine shares in the company.
It is Landry’s contention, acting in his capacity as executor, individually, and as president of the company, that the check for $3,500.00 was used to purchase the stock from Mrs. Pohlmeyer during her lifetime. However, there was no other documentary evidence offered which, of itself, was sufficient to establish that such a purchase did actually occur. Therefore, the executor then endeavored to prove by parol evidence the fact that the check was used to consummate the purchase, and the attorney for the succession endeavored to prove by parol that the stock certificate was only prepared and issued after Mrs. Pohlmeyer’s death, even though it was dated September 15, 1961, and her death did not occur until September 14, 1963. This move was apparently made in an effort to show that the stock was never in the possession of Mrs. Pohlmeyer.
Thus, the critical question posed for our consideration is whether parol evidence may be used more than one year after Mrs. Pohlmeyer’s death to establish whether her succession is the owner of the stock certificate which forms the subject matter of this litigation.
The controlling law, sometimes referred' to as the “Dead Man Statute”, reads:
“Parol evidence shall be incompetent and inadmissible to prove any debt or liability upon the part of a party deceased, if a suit upon the asserted indebtedness or liability shall have been brought more than twelve months after the death of the deceased.” R.S. 13:3721.
After a thorough analysis of the ramifications of the foregoing statute and the jurisprudence interpretive thereof, we are compelled to reach the inevitable conclusion that parol evidence is not admissible in view of the rationale of R.S. 13:3721 to question whether a succession possesses title to certain property or whether the title thereto reposes in a third person.
In Succession of De Loach,[2] the court concluded that parol evidence could not be admitted into the record in order to establish the ownership of a house more than one year after the date of the decedent’s death. The organ for the court reasoned in connection therewith as follows:
“In the case of Laterriere v. Board of Levee Com’rs, etc., 182 La. 1060, 162 So. 773, 774, this court recognized that ‘debt’ and ‘obligation’ were synonymous and, therefore, ‘debt’ in its general sense means ‘obligation’ which covers money, goods or services. See, also, R.C.C. arts. 2131, 2132.
“Furthermore, the word ‘liability’ is used in the statute and as the plaintiffs are seeking to hold the estate of their father ‘liable’ for the delivery of the house in question, the case falls squarely within the provisions of the statute. Since more than eighteen years have elapsed from the date of the father’s death until the suit was filed, the plaintiffs’ attempt to prove liability by parol testimony obviously comes too late.”
Similar rationale emanated from the Succession of Harris,[3] wherein the court *873 pronounced that parol evidence was inadmissible after the passage of one year from the date of the decedent’s death to establish that title to a bracelet in the possession of the succession was actually in a third person who had sold the bracelet to the decedent.
The executor herein relies on the rationale emanating from Long v. Matthews[4] and Young’s Heirs v. Veillon[5] as authority to convince us that R.S. 13:3721 may only be invoked when parol evidence is used to prove a debt or liability of the deceased. However, neither of those cases are applicable to the facts hereof since in each of those cases, parol evidence was admitted to permit the defendant to establish a defense to an action instituted against him by the succession representative of the decedent.
There can be no quarrel with the foregoing rule of law, since the purpose of the “Dead Man Statute” is to protect the assets of a succession from stale and unfounded claims which the deceased could have refuted if she were alive to defend herself.[6]
In conformity with the particular facts hereof, we are convinced that parol evidence was not admissible to prove that the stock certificate was owned by either Landry or by R. W. Landry Contractors, Inc., instead of the succession of Mrs. Pohlmeyer. Since the documentary evidence introduced by the executor, Landry, merely consisted of a check made payable to the D. & L. Dump Truck Service, Inc., of which he was the president, and endorsed by it to Mrs. Pohlmeyer, which did not, of itself, disprove the decedent’s ownership, the lower court reasoned correctly in dismissing the executor’s rule to disclaim the stock certificate.
For the foregoing reasons, the judgment of the lower court is affirmed, and the case is remanded for such additional proceedings as the nature of the case may ultimately require.
All costs are to be paid by the appellants.
Affirmed and remanded.

. This corporation later changed its name to R. W. Landry Contractors, Inc.

. 204 La. 805, 16 So.2d 361 (1943).

. 177 La. 1049, 150 So. 14 (1933).

. La.App., 186 So.2d 868 (1966).

. La.App., 192 So. 545 (1939).

. See Vordenbaumen v. Gray, La.App., 189 So. 342 (1939); Succession of De Loach, supra.