286 So.2d 392 (1973)
Succession of Rose Palumbo NAPOLI.
No. 5665.
Court of Appeal of Louisiana, Fourth Circuit.
November 30, 1973.
Rakosky & Myer, Ronald J. Rakosky, New Orleans, for plaintiff-appellant.
Louis A. DiRosa and Daniel J. Markey, Jr., New Orleans, for defendant-appellee.
Before SCHOTT, J., and ST. AMANT and LeBRUN, JJ., Pro Tem.
P. C. ST. AMANT, Judge Pro Tem.
Plaintiff appeals from a judgment of the Civil District Court for the Parish of Orleans denying her claim in the amount of $6,131.00 for personal services allegedly rendered to the decedent at her request and upon her promise to compensate plaintiff in her will. The last will and testament of the decedent admitted to probate contained no such bequest in favor of plaintiff although a prior testament subsequently revoked had in fact included plaintiff to the extent of an undivided one-fourth interest in certain real estate the whole of which was appraised in the succession proceedings at $14,000.00.
There can be no doubt that "One who renders valuable services to another on his promise that in his will he will compensate to the extent of the value of the services the party rendering them is entitled to collect their value from the succession of the party for whom the services were rendered if he dies without having fulfilled his promise." Succession of Joublanc, 199 La. 250, 5 So.2d 762, 764 (1941). However, suit here has not filed until more than one year after the date of the decedent's death and when on the trial of the case plaintiff's counsel attempted to prove the claim by parol evidence he was met with an objection based upon the provisions of LSA-R.S. 13:3721 which reads as follows:
"Parol evidence shall not be received to prove any debt or liability of a deceased person against his succession representative, heirs, or legatees when no suit to enforce it has been brought *393 against the deceased prior to his death, unless within one year of the death of the deceased:
(1) A suit to enforce the debt or liability is brought against the succession representative, heirs, or legatees of the deceased;
(2) The debt or liability is acknowledged by the succession representative as provided in Article 3242 of the Code of Civil Procedure, or by his placing it on a tableau of distribution, or petitioning for authority to pay it;
(3) The claimant has opposed a petition for authority to pay debts, or a tableau of distribution, filed by the succession representative, on the ground that it did not include the debt or liability in question; or
(4) The claimant has submitted to the succession representative a formal proof of his claim against the succession, as provided in Article 3245 of the Code of Civil Procedure.
The provisions of this section cannot be waived impliedly through the failure of a litigant to object to the admission of evidence which is inadmissible thereunder. As amended Acts 1960, No. 32, § 1."
The trial court sustained defendant's objection to parol evidence and thereafter repeatedly inquired of counsel for plaintiff whether he could produce any written evidence to support the claim or to bring the claim within any of the exceptions set forth in the statute. Upon receiving a negative answer, and with no further proof being adduced, the trial court rendered judgment in favor of the succession dismissing plaintiff's claim.
In his brief in this court counsel for plaintiff makes the following statement:
"Counsel here does not dispute the applicability of L.S.A. 13:3721 to the facts of the case. It is conceded that suit was filed more than one year after the death of decedent ...."
Instead he points out that "The applicable statute is not prescriptive because the running of prescription prevents proof of an obligation in any manner; the statute in question prevents the use of parol evidence only when suit is filed more than one year after decedent's death," Succession of Brown, 251 So.2d 465, 469-470 (La.App.1st Cir. 1971), and urges us to remand the case to permit plaintiff to prove her claim "by alternative means" which "would include (1) written documentation of the promise; (2) written documentation of some or all of the services rendered the decedent; or (3) documented compliance with one or more of the listed exceptions in L.S.A. 13:3721 to the parol evidence rule."
In support of his request for a remand counsel cites the following language from Arkansas Louisiana Gas Company v. Morehouse Realty Company, Inc., 126 So. 2d 830, 834 (La.App.2nd Cir. 1961):
"The rule developed in the jurisprudence under Code of Practice Art. 906, the principles of which have been incorporated in LSA-C.C.P. Art. 2164, is that a large discretion in remanding a case is vested in an appellate court where the record is not in condition to enable the court to pronounce definitely on the case or where the parties have failed to produce available testimony which might be material to a proper decision. The present tendency is to exercise this discretion where the ends of justice would be best served by the remand and by the reception of additional evidence where it appears that either party, or both, may be able to produce further material evidence, regardless of the cause for the omission of the evidence on the first trial."
We are in complete accord with this statement of the law and would most readily remand this claim to the trial court if in fact the ends of justice would be best *394 served thereby. However, when we inquired of counsel for plaintiff in oral argument before this court whether he could produce any evidence in support of the claim not proscribed by LSA-R.S. 13:3721, or any evidence to bring the claim under one of the enumerated exceptions in the statute, he candidly admitted that he could not. Under these circumstances a remand would be a vain and useless action; it would not serve the interests of justice; it would instead serve only to work an injustice upon the heirs of this succession by unnecessarily prolonging its administration and by entailing additional unnecessary expense.
The trial judge afforded plaintiff a full trial on the merits and ample opportunity to produce any legally admissible evidence in support of her claim. She was unable to do so then, and is admittedly unable to do so now. Accordingly, the trial court judgment is affirmed at appellant's costs.
Affirmed.