BOLIN, Judge.
Plaintiffs filed suit against Luella Oden in her capacity as Administratrix, seeking to prove debts against the succession. The lower court refused to allow the introduction of parol evidence to prove the debts since decedents had been dead more than one year preceding the filing of the suit. No other evidence being tendered, plaintiffs’ demands were rejected and they appeal. We affirm the judgment of the lower court.
Harmon A. Barron and his wife, Emma Barron, died some time prior to October IS, 1969. Although the exact date of the death of neither party is reflected in the record, the record does show the “Succession of Harmon A. Barron et ux” was opened by the filing of a petition on the probate docket on the aforementioned date.
On April 20, 1971, the present suit was filed wherein it is alleged that plaintiffs sent formal proofs of claims against the succession by certified mail to the adminis-tratrix on October 30, 1970; that the ad-ministratrix never contacted plaintiffs; that the succession is therefore indebted unto Cloma Barron for $3,672.25 and unto Mattie L. Barron for $4,360.61 as per itemized lists which were attached to the petition. To this petition the administratrix filed exceptions of res judicata, prescription, and no cause and no right of action. For written reasons these exceptions were overruled, answer was filed by defendant, and the case was tried on the merits.
The evidence was not transcribed but the formal judgment recites that Miss Cloma Barron was called as plaintiffs’ first witness; that counsel for defendant objected to the introduction of any parol evidence on the basis of the provisions of Louisiana Revised Statutes 13:3721 and 13:3722 and the objection was sustained. No other evidence was offered on behalf of either plaintiffs or defendant and, after submission to the court for adjudication, the demands of plaintiffs were rejected at their cost.
Louisiana R.S. 13 :3721 provides:
“Parol evidence shall not be received to prove any debt or liability of a deceased person against his succession representative, heirs, or legatees when no suit to enforce it has been brought against the deceased prior to his death, unless within one year of the death of the deceased:
(1) A suit to enforce the debt or liability is brought against the succession representative, heirs, or legatees of the deceased;
(2) The debt or liability is acknowledged by the succession representative as provided in Article 3242 of the Code of Civil Procedure, or by his placing it on a tableau of distribution, or petitioning for authority to pay it;
(3) The claimant has opposed a petition for authority to pay debts, or a tableau of distribution, filed by the succession representative, on the ground that it did not include the debt or liability in question; or
(4) The claimant has submitted to the succession representative a formal proof of his claim against the succession, as provided in Article 3245 of the Code of Civil Procedure.
“The provisions of this section cannot be waived impliedly through the failure of a litigant to object to the admission of evidence which is inadmissible thereunder.”
No suit to enforce plaintiffs’ claims was brought against decedents prior to their deaths. Hence for parol evidence to be received, one of the four requirements listed under the quoted statute must have been satisfied. There is nothing in the record to indicate that any of these requirements were satisfied and since the suit was filed more than one year after the succession was opened, which act necessarily took place after the deaths of Mr. and Mrs. H. A. Barron, the trial judge was eminently correct in refusing to allow the *388 introduction of parol evidence over the objection of counsel for the administratrix.
Appellants contend that by rejecting their demands because no suit was filed within one year after the deaths of Mr. and Mrs. Barron, the court in effect sustained an oral plea of prescription which is contrary to law. We find no merit in this contention. Louisiana Civil Code Article 3457 defines prescription as “a manner of acquiring the ownership of property, or discharging debts, by the effect of time, and under the conditions regulated by law”. The debt in this case was not discharged by the effect of time but the debt itself was not established because of the character of the evidence tendered, i. e., parol testimony as opposed to documentary evidence. The judgment reflects that no other evidence was offered on behalf of plaintiffs and the court correctly rejected plaintiffs’ demands.
The judgment of the lower court is affirmed at appellants’ cost.