400 So.2d 1175 (1981)
SUCCESSION OF Ancil William OTTS, Sr.
No. 14102.
Court of Appeal of Louisiana, First Circuit.
April 13, 1981.
*1176 John A. Lieux, Gonzales, for administratrix and appellant.
Miriam T. Attaya, Gonzales, for movers, appellees.
Before LOTTINGER, EDWARDS and PONDER, JJ.
LOTTINGER, Judge.
This is a motion to traverse a sworn descriptive list in the Succession of Ancil William Otts, Sr. The children of the deceased filed the motion to traverse claiming among other things that the sworn descriptive list did not include the claims of Mrs. Enid Otts Campbell for $3,000.00, which represents an amount Mrs. Campbell allegedly loaned her brother in 1973 to purchase an automobile, and $60.00 which Mrs. Campbell allegedly paid to purchase oxygen during the deceased's last illness. The trial court ordered that the sworn descriptive list be amended to show the $3,000.00 and $60.00 claims of Mrs. Campbell.
The executrix of the succession contended at trial and reasserts on appeal that Mrs. Campbell has never instituted suits to enforce these claims, and that her testimony and proof of her claims is inadmissible under the Dead Man's Statute, La.R.S. 13:3721 and 3722.[1]
Because of our disposition of this matter, we pretermit any discussion and determination of whether the trial court was in error in awarding the claim because Mrs. Campbell was not a party litigant.
After Otts' death on May 10, 1974, his will was duly probated by the Twenty-Third Judicial District Court on May 14, 1974. Attempts to have the will declared invalid were rejected by the district court. This court affirmed that decision in a per curiam opinion rendered December 27, 1978 (No. 12422 on the Docket of the First Circuit Court of Appeal).
The petition for possession was filed around July 18, 1979, along with a detailed descriptive list of the assets and liabilities of the succession. This motion to traverse was filed May 23, 1980, when the above mentioned claims were first asserted.
Mrs. Campbell claims that in January, 1973, she loaned her brother Ancil $3,000.00 *1177 towards the purchase price of a new car. Among the documentary evidence introduced into the record and identified by Mrs. Campbell is a $3,000.00 check drawn by Mrs. Campbell to the order of her brother, dated January, 1973. (The date is penciled in on the check as January 30). This $3,000.00 check was endorsed by Ancil Otts and deposited by Faucheux Chevrolet, Inc., of Gramercy, Louisiana. In connection with the $3,000.00 check is another check drawn by Ancil Otts for the amount of $975.00 and payable to Faucheux Chevrolet. This check is dated January 27, 1973. Both checks are attached to a bill of sale from Faucheux Chevrolet in the amount of $3,975.00, dated January 30, 1973, which shows that Ancil Otts purchased a new car from the dealership for that amount on that date.
Mrs. Campbell testified that, during a visit to her brother in early 1973, she suggested that he buy a car because his old car was in bad condition. At one point during her testimony, Mrs. Campbell said, "I loaned it [the money] to him." At another point, she testified that when she was discussing the car purchase, Ancil told her that he did not have enough money to buy the car at that time. She said she told him, "I can let you have $3,000.00 if you have the $975.00 for it [the car]."
Mrs. Campbell also testified that she paid $60.00 for oxygen purchased on behalf of her brother during his last illness. Documentary evidence was also submitted in connection with this claim, including a check drawn by Mrs. Campbell to the order of "Woodward Wright Company" in the sum of $69.01. The check is attached to an invoice for the same amount which notes that the oxygen was purchased. Also introduced as documentary evidence is a refund check by Woodward Wight Big Three, Inc. in the sum of $60.00 payable to Ancil Otts as a refund of the deposit on the oxygen tank. The refund check is dated May 15, 1974, some five days after Otts died.
From the very beginning of the hearing, the attorney for the succession executrix objected to any parol testimony being admitted regarding the claims of Mrs. Campbell because of the provisions of La.R.S. 13:3721. When the attorney made this objection, the trial court indicated that he did not think the statute was applicable because a tableau of distribution had not been filed and, additionally, that written evidence to prove the claim would be introduced. He called the objection "a rather technical point."
After the evidence was heard, the trial court rendered judgment in favor of Mrs. Campbell and against the succession for $3,060.00, representing the two claims she made. The trial judge found that the claim was timely because there had been no tableau filed and, therefore, no reasonable opportunity for the claim to be asserted prior to the motion to traverse. He also noted that written documentary evidence in the form of a check was introduced into the record and shown to be used to purchase the automobile. The judge apparently believed Mrs. Campbell's testimony that the $3,000.00 was intended as a loan. He noted that his research on the question of what constitutes a manual gift revealed a general rule that persons are not presumed to dispose gratuitously of their property. He found nothing in the record to indicate any intention by Mrs. Campbell to make a gift to her brother other than the fact that the money was not repaid prior to the brother's death. Similar reasoning, apparently, was employed to uphold the $60.00 claim for the oxygen.
Under La.R.S. 13:3721 parol evidence can be admitted to prove a claim against the deceased only if a suit or other action is filed within one year of the death of the deceased. The purpose of the provision, as often stated in the jurisprudence, is to prevent stale and unfounded claims from being filed against the succession which could have been refuted by the deceased had he been alive. See, e. g. Succession of DeLoach, 204 La. 805, 16 So.2d 361 (1944); Taylor v. Bocock, 276 So.2d 347 (La.App. 2nd Cir. 1973), writ refused 279 So.2d 205 (La.1973).
Only if the claim against the succession is brought within one year of the death of the *1178 decedent are the provisions of La.R.S. 13:3722 applicable. If the one year requirement of Section 3721 is not met, no parol evidence is admissible to prove the claim against the succession. Barron v. Oden, 290 So.2d 386 (La.App. 2nd Cir. 1974). There is no question in this case that Mrs. Campbell's claim was brought much later than a year after the death of her brother. The purpose of the Dead Man's Statute would be thwarted if her testimony were allowed to prove her claims against the succession.
The fact that a tableau of distribution in the succession was not filed does not change the result. A succession creditor under La. R.S. 13:3721 is given one year to assert his claim against the succession representative, heirs or legatees. He may file suit or submit his formal claim to the succession representative. See La.C.C.P. art. 3245. If a tableau of distribution or petition to pay debts is filed within a year of death, the creditor may file an opposition if his claim is not listed. If, however, a tableau or petition to pay debts is not filed within a year of death, a creditor must pursue the other means provided under La.R.S. 13:3721 or be barred from using parol testimony to prove his claim. This construction, we feel, conforms with the intent and purpose of the Dead Man's Statute. The trial court, therefore, was in error in allowing Mrs. Campbell to testify as to her claims.
We must still determine, however, whether the documentary evidence submitted in the record substantiates the claims made by Mrs. Campbell. We find that it does not. The documentary evidence shows only that she wrote a $3,000.00 check to her brother which ostensibly was used in the purchase of a car. Whether this was a loan, a gift, or other disposition is simply unknown. No written promise to pay or other acknowledgement of the debt by the deceased was introduced into the record, presumably because such evidence was not available. See Succession of Dean, 375 So.2d 162 (La.App. 2nd Cir. 1979), writ refused 376 So.2d 1272 (La.1979).
This case is clearly distinguishable from the case of Landry v. Weber, 345 So.2d 11 (La.1977). In Landry, the suit was brought within one year of the death of the decedent, and the claimant and one other creditable witness testified in support of the claim. Other circumstances corroborated the claim. Parol evidence was admissible because the suit was brought within one year. In the case at bar, as noted above, the claims against the succession were not brought until a number of years after the death of the decedent.
The same rationale applies to the claim for $60.00 for oxygen. That claim, too, must be rejected.
Therefore, for the above and foregoing reasons, the decision of the trial court is reversed. The appellee-executrix will pay the cost of this appeal.
REVERSED.
NOTES
[1] La.R.S. 13:3721 provides:

"Parol evidence shall not be received to prove any debt or liability of a deceased person against his succession representative, heirs, or legatees when no suit to enforce it has been brought against the deceased prior to his death, unless within one year of the death of the deceased:
"(1) A suit to enforce the debt or liability is brought against the succession representative, heirs, or legatees of the deceased;
"(2) The debt or liability is acknowledged by the succession representative as provided in Article 3242 of the Code of Civil Procedure, or by his placing it on a tableau of distribution, or petitioning for authority to pay it;
"(3) The claimant has opposed a petition for authority to pay debts, or a tableau of distribution, filed by the succession representative, on the ground that it did not include the debt or liability in question; or
"(4) The claimant has submitted to the succession representative a formal proof of his claim against the succession, as provided in Article 3245 of the Code of Civil Procedure.
"The provisions of this section cannot be waived impliedly through the failure of a litigant to object to the admission of evidence which is inadmissible thereunder. As amended Acts 1960, No. 32, § 1."
La.R.S. 13:3722 provides:
"When parol evidence is admissible under the provisions of R.S. 13:3721 the debt or liability of the deceased must be proved by the testimony of at least one creditable witness other than the claimant, and other corroborating circumstances. As amended Acts 1960, No. 32, § 1."