WATKINS, Judge.
Edward Bahm and his wife, June Bahm, filed the present action for a money judgment against the Succession of Maude McMichael for services rendered Miss McMichael before her death on October 14, 1979, The action was filed July 31, 1980. The Succession through its administrator, John H. George, filed a peremptory exception of prescription. The trial court held that plaintiffs’ claim for all services rendered before July 31, 1979, was prescribed. Plaintiffs have appealed. We reverse and remand.
According to the deposition of Edward Bahm, Miss McMichael persuaded the Bahms to build a house about one hundred feet from Miss McMichael’s house with the express verbal agreement that Miss McMi-chael would leave the Bahms “her place in her will”. Also implicit in the agreement was the understanding that the Bahms would take care of the place and perform personal services for Miss McMichael until her death. Mr. Bahm contends he mowed the lawn, trimmed hedges, and generally maintained the grounds on Miss McMicha-el’s place from 1962 until her death, as well as hiring sitters for Miss McMichael after she had her first heart attack in 1979, and performing other personal services. Miss McMichael left an unsigned paper which the Bahms contend was in her handwriting which states in a third paragraph: “3. I will will my home to Edward Bahm with the understanding that he will take care of me until I die.” Mrs. Bahm was Miss McMichael’s cousin.
The succession representative contends the claim of the Bahms is one for payment of wages by a workman, laborer, or servant, which prescribes within one year after the work is performed under LSA-C.C. art. 3534.
It is well settled that one who renders services for a person under the promise he will be left certain property in that person’s will may recover that property from the person’s succession after death if the promise was not kept and those services were in fact performed. Succession of Oliver, 184 La. 26, 165 So. 318 (1936). Also under a line of jurisprudence beginning with Oliver, prescription on a claim for such services does not begin to run until decedent’s death, as until death, no right of action has accrued. White v. Succession of Candebat, 210 La. 995, 29 So.2d 39 (1946); Succession of Berthelot, 24 So.2d 185 (La.App. 1st Cir. 1945); Succession of Catalinotto, 144 So.2d 678 (La.App. 4th Cir. 1962). There is some suggestion in the cited cases that the claim must be filed within one year of death, and that the services must be continuous until the time of death.
In the present case, the Bahms’ claim is not prescribed as the claim is one for services for which they contend they were promised they would be compensated by will; they were not compensated; the claim was filed within a year of death, and the performance of services was continuous from 1962 until the time of death.
We, therefore, reverse the judgment of the trial court, overrule the exception of prescription, and remand the matter to the trial court for further proceedings, all costs of this appeal to be borne by the Succession of Maude McMichael, all other costs to await final disposition of this matter.
REVERSED AND REMANDED.