DOMENGEAUX, Judge.
This case involves a claim against the successions of Alexander Marcotte and Nora Charrier Marcotte. Petitioner, Mrs. Maggie M. Hess Charrier, alleged that she is the creditor of the estate of Mr. Alex Marcotte and that she is entitled to $3,149.00 as expenses of the last illness of the decedent which are owed to her by the estate. Mrs. Charrier filed a petition in opposition to the tableau of distribution proposed by the administratrix, Mrs. Marjorie R. Rachal. The administratrix filed in the succession proceedings a proposed dis *733 bursement to Mrs. Charrier for $234.00 which reflected medical and funeral expenses paid by Mrs. Charrier.
The administratrix denied the alleged indebtedness, pled liberative prescription of one and three years, and entered a special objection to the admission of parol evidence.
A rule was ordered to show cause why Mrs. Charrier should not receive the full amount of her demand.
Trial was conducted on April 1, 1983. Mrs. Charrier was the only witness to testify. Her testimony concerned the existence, nature, and amount of the debt. The trial judge rendered judgment in favor of Mrs. Charrier for $2,004.60 (with legal interest from date of judicial demand until paid) plus all costs.[1]
The administratrix has appealed suspen-sively, alleging nine (9) assignments of trial court error as follows:
SPECIFICATIONS OF ERROR
1.) In failing to apply La.R.S. 13:3721 (commonly referred to as the “Dead Man’s Statute”) and in refusing to prohibit the introduction of parol evidence to establish the existence of an alleged liability or debt on behalf of a deceased person;
2.) In ruling that Mrs. Charrier had sustained her legal burden of proof as to the existence of an alleged liability or debt on behalf of a deceased person when only one witness testified rather than the two witnesses required to testify by La.R.S. 13:3722;
3.) When it concluded as a matter of fact that a private attorney had informed Mrs. Charrier that there would be no administration of the succession when the record is totally devoid of any evidence to substantiate such a finding;
4.) In concluding that there was a “de facto” Administrator of the Succession;
5.) In concluding that the Administratrix had admitted a part of Mrs. Charrier’s claim by including another claim based upon a payment of debts subsequent to the death of the deceased in the proposed tableau of distribution;
6.) In concluding the issue before the court was only one of the amount of the claim and not its validity;
7.) In concluding that the position of the Administratrix was that there was no dispute as to Mrs. Charrier’s performance of services only whether or not she was due any compensation for them;
8.) In failing to apply the liberative prescriptive period of one (1) year; and
9.) In applying the liberative prescription of three (3) years from the date of the submission of a written statement to an attorney representing some of the heirs of the decedent rather than from the date the formal opposition to the petition for homol-ogation of the tableau of distribution was filed.
Mrs. Charrier answered the appeal alleging that the trial court erred in holding that La.R.S. 13:3721 was applicable and that a portion of the debt had prescribed. Appel-lee further contends that all or part of La.R.S. 13:3721-3722 is unconstitutional in violation of the separation of powers doctrine. Appellee seeks to have the judgment amended to increase the amount awarded.
ISSUES
Appellant contends that the trial court erred in allowing the introduction of parol evidence contrary to the provisions of La. R.S. 13:3721. Appellant also contends that the trial court erred in finding that the creditor sustained the burden of proving the validity of the debt.
FACTS
On January 8, 1982, Alexander Marcotte died intestate. His succession (as well as his wife’s Nora, who died on May 25, 1965) *734 was judicially opened on August 19, 1982, by David Chatelain, an attorney representing Mrs. Rachal at the time. Subsequently, Mrs. Rachal retained other counsel.
On February 28, 1983, Mrs. Rachal filed a petition to be appointed administratrix. This was ordered by the district court on that date and letters of administration were issued to Mrs. Rachal. On March 3, 1983, the administratrix filed into the succession proceedings a proposed tableau of distribution. A portion of this reflected a sum of money ($234.00) to be paid Mrs. Charrier for reimbursement of the physician’s fee and funeral expenses paid to the priest.
On March 11, 1983, Mrs. Charrier filed a petition to establish liability for services allegedly performed on behalf of Mr. Mar-cotte between August 1977 and December 1981. No formal legal proceedings had been instituted by Mrs. Charrier prior to this date.
At trial on the merits, Mrs. Charrier stated that she visited Mr. Marcotte at the nursing home, performed chores and did errands for him. Mrs. Charrier admitted that she was never paid during this period and that there was no writing to support any agreement to pay for the services rendered. Mrs. Charrier testified that Mr. Marcotte promised to pay her from his estate for any expenses incurred and that she should keep a record of the expenditures.
The trial judge allowed into evidence a handwritten document of dates and expenses compiled by Mrs. Charrier. She admitted that this record was not a contemporaneous diary of events. The only other record was a summary of Mrs. Charrier’s expenses. It contained a breakdown of expenses into mileage, clerical duties, donations, and telephone calls.
Mrs. Charrier testified that she submitted the detailed written statement to Mr. Chatelain in August 1982. Mrs. Char-rier stated that Mr. Chatelain assured her that she would be paid for all of her expenses. In his written reasons for judgment, the trial judge found that Mr. Chate-lain was the “de facto” succession representative. He further found that Mr. Cha-telain told Mrs. Charrier there would be no administration of the decedent’s estate which created a reliance interest. The trial judge also found that the document presented to Mr. Chatelain constituted a formal proof of claim as required by La.C. C.P. Art. 3245 which effectively suspended the running of prescription and established the basis for the introduction of parol evidence to prove the debt or liability of the deceased.
The trial judge determined that the issue before the court was not the validity of Mrs. Charrier’s claim, but rather the amount thereof.
We conclude that the trial judge committed manifest error in his findings of fact and application of law.
THE DEAD MAN’S STATUTE
La.R.S. 13:3721 is the statute applicable to this case. It provides:
“Parol evidence shall not be received to prove any debt or liability of a deceased person against his succession representative, heirs, or legatees when no suit to enforce it has been brought against the deceased prior to his death, unless within one year of the death of the deceased:
(1) A suit to enforce the debt or liability is brought against the succession representative, heirs, or legatees of the deceased;
(2) The debt or liability is acknowledged by the succession representative as provided in Article 3242 of the Code of Civil Procedure, or by his placing it on a tableau of distribution, or petitioning for authority to pay it;
(3) The claimant has opposed a petition for authority to pay debts, or a tableau of distribution, filed by the succession representative, on the ground that it did not include the debt or liability in question; or
(4) The claimant has submitted to the succession representative a formal proof of his claim against the succession, as *735 provided in Article 3245 of the Code of Civil Procedure.
The provisions of this section cannot be waived impliedly through the failure of a litigant to object to the admission of evidence which is inadmissible thereunder.”
The Second Circuit has explained the underlying legislative intent of this statute thusly:
“The purpose of the ‘Dead Man’s Statute’ is to protect the estates of decedents, their representatives and heirs, against stale and unfounded claims which might have been refuted or disproved by the testimony of the deceased were he living. Succession of Pohlmeyer, 192 So.2d 870 (La.App., 4th Cir.1966); Collier v. Administrator, Succession of Blevin, 136 So.2d 774 (La.App., 4th Cir. 1962 — cert. denied); In re Ford’s Succession, 91 So.2d 71 (La.App., 1st Cir.1957— cert. denied).”
Taylor v. Bocock, 276 So.2d 347, 350 (La. App. 2nd Cir.1973), writ refused, 279 So.2d 205 (La.1973).
The decedent, Mr. Marcotte, can no longer defend himself against the claims of the alleged creditor. The claims of Mrs. Char-rier were two-fold: the first, for reimbursement of money paid to Mr. Marcotte’s physician and the priest who performed the funeral service, which was acknowledged by the administratrix in the tableau of distribution; the second, for services rendered, was based solely upon the parol evidence of Mrs. Charrier. We find that the proof offered was legally inadmissible under the guidelines of La.R.S. 13:3721 and that it was legally insufficient to prove the claim according to the standard set forth in La.R.S. 13:3722. The necessity to fulfill these statutory requirements was stated in Barron v. Oden, 290 So.2d 386 (La.App. 2nd Cir.1974):
“No suit to enforce plaintiffs’ claims was brought against decedents prior to their deaths. Hence for parol evidence to be received, one of the four requirements listed under the quoted statute must have been satisfied. There is nothing in the record to indicate that any of these requirements were satisfied and since the suit was filed more than one year after the succession was opened, which act necessarily took place after the deaths of Mr. and Mrs. H.A. Barron, the trial judge was eminently correct in refusing to allow the introduction of parol evidence....”
At 387-388.
See Succession of Napoli, 286 So.2d 392 (La.App. 4th Cir.1973).
ADMISSIBILITY OF PAROL EVIDENCE
Mrs. Charrier did not file a suit against the succession representative, heirs, or legatees within one year of the death of the decedent to enforce the indebtedness for services performed as required by La.R.S. 13:3721(1); nor was the alleged debt for services placed on the tableau of distribution or petition for authority to pay it within one year of the date of death as required by La.R.S. 13:3721(2). The third exception to the rule which prohibits the introduction of parol evidence does not apply to Mrs. Charrier’s claim either because she filed the opposition to the tableau of distribution on March 11, 1983, more than one year following Mr. Marcotte’s death. In order to preserve the purpose of La.R.S. 13:3721, the statute must be strictly construed.
“Under La.R.S. 13:3721 parol evidence can be admitted to prove a claim against the deceased only if a suit or other action is filed within one year of the death of the deceased. The purpose of the provision, as often stated in the jurisprudence, is to prevent stale and unfounded claims from being filed against the succession which could have been refuted by the deceased had he been alive. See, e.g. Succession of DeLoach, 204 La. 805, 16 So.2d 361 (1944); Taylor v. Bocock, 276 So.2d 347 (La.App. 2nd Cir.1973), writ refused 279 So.2d 205 (La.1973).
“Only if the claim against the succession is brought within one year of the death of the decedent are the provisions of La.R.S. 13:3722 applicable. If the one *736 year requirement of Section 3721 is not met, no parol evidence is admissible to prove the claim against the succession. Barron v. Oden, 290 So.2d 386 (La.App. 2nd Cir.1974). There is no question in this case that Mrs. Campbell’s claim was brought much later than a year after the death of her brother. The purpose of the Dead Man’s Statute would be thwarted if her testimony were allowed to prove her claims against the succession.
“The fact that a tableau of distribution in the succession was not filed does not change the result. A succession creditor under La.R.S. 13:3721 is given one year to assert his claim against the succession representative, heirs or legatees. He may file suit or submit his formal claim to the succession representative. See La.C.C.P. art. 3245. If a tableau of distribution or petition to pay debts is filed within a year of death, the creditor may file an opposition if his claim is not listed. If, however, a tableau or petition to pay debts is not filed within a year of death, a creditor must pursue the other means provided under La.R.S. 13:3721 or be barred from using parol testimony to prove his claim. This construction, we feel, conforms with the intent and purpose of the Dead Man’s Statute. The trial court, therefore, was in error in allowing Mrs. Campbell to testify as to her claims.”
Succession of Otts, 400 So.2d 1175, 1177-1178 (La.App. 1st Cir.1981).
La.C.C.P. Arts 3241 and 3242 provide an informal method for presentation and acknowledgment of a creditor’s claim; however, the succession representative neither received a submitted claim nor acknowledged one from Mrs. Charrier. A formal method of presentation is permitted by La.C.C.P. Art. 3245, and is specifically required under the fourth and final provision of La.R.S. 13:3721(4). The trial judge found that Mrs. Charrier followed the system of submitting a formal proof of claim to suspend prescription. The handwritten document given to Mr. Chatelain does not meet the requirements of La.C.C.P. Art. 3245 because of several factors. The statement was not sworn to by the claimant. Additionally, there had been no court appointed succession representative at the time the claim was presented, and the succession was not under administration.
Even if Mrs. Charrier’s testimony had been properly admitted, her claim was not validly supported by legally sufficient evidence. The companion statute to the parol evidence statute, La.R.S. 13:3722 explicitly requires that:
“When parol evidence is admissible under the provisions of R.S. 13:3721 the debt or liability of the deceased must be proved by the testimony of at least one creditable witness other than the claimant, and other corroborating circumstances.”
The Louisiana Supreme Court, in Savoie v. Estate of Rogers, 410 So.2d 683 (La. 1981), interpreted this statute:
“The statute clearly provides that the creditable witness whose testimony is required to prove the debt must be someone ‘other than the claimant.’ La.R.S. 13:3722. This provision implies that the witness whose testimony is necessary for proof of the claim against the deceased cannot be a co-owner of the claim. The purpose of the requirement is to eliminate the possibility of fraud and perjury by witnesses who have a direct pecuniary or proprietary interest in the claim. If the statute were construed to allow the co-owner of a claim to supply a necessary element of proof, the purpose of the requirement would be defeated. Accordingly, we now hold that a person who has a direct pecuniary or proprietary interest in the plaintiff’s claim against the deceased person may not serve as his one creditable witness.”
On rehearing, at 687. See Succession of Butler, 425 So.2d 1332 (La.App. 4th Cir. 1983); Porter v. Johnson, 408 So.2d 961 (La.App. 2nd Cir.1981), writ denied, 412 So.2d 99 (La.1982); Succession of Dean, 375 So.2d 162 (La.App. 2nd Cir.1979), writ denied, 376 So.2d 1272 (La.1979).
*737 Thus, Mrs. Charrier’s testimony, standing alone without any corroborating evidence, does not meet any essential elements of La.R.S. 13:3722.
SUCCESSION REPRESENTATIVE
The trial judge created the concept of “de facto” succession representative. Successions law and procedure defines the term “succession representative.”
(2) ‘Succession representative’ includes an administrator, provisional administrator, administrator of a vacant succession, executor, and dative testamentary executor.”
La.C.C.P. Art. 2826.[2]
An administrator must file a petition for appointment. La.C.C.P. Art. 3091. After the filing of a detailed descriptive list or inventory, the district court then issues an order authorizing the appointment of an administrator. La.C.C.P. Arts. 3094, 3096, and 3136. The functions, powers, and duties of the succession representative are imposed when the administrator furnishes security, takes an oath, and is issued letters of administration. La.C.C.P. Arts. 3151, 3158, and 3159.
The administrator of a succession is a fiduciary relationship with the duties of collecting, preserving, and managing the property of the succession and has responsibility for damages. La.C.C.P. Art. 3191. Thus the Code refers to a precise legal definition and procedure which entails the creation of a legal officer, i.e., the role of a prudent administrator who is answerable to the court, liable for damages incident to his failure to act properly, and subject to disqualification, revocation, or removal. La.C. C.P. Arts. '3097, 3181, and 3182.
The statutory law governs the appointment and function of the succession representative; it does not permit a popular definition of the term nor does it provide for a judicial extension of the concept of succession representative.
LIBERATIVE PRESCRIPTION
Although the trial judge applied La. C.C. Art. 3538[3] and found that three years was the prescriptive period for the debt claimed by Mrs. Charrier, we conclude that Mrs. Charrier’s claim prescribed by a one year limitation as governed by La.C.C. Art. 3534,[4] which was the applicable provision at *738 the time the claim ripened.[5] Cf. Bahm v. Succession of McMichael, 415 So.2d 976 (La.App. 1st Cir.1982) (in that case the claim was properly filed within one year of decedent’s death); Succession of Galiano, 195 So. 377 (La.App.Orl.1940).
APPELLEE’S CLAIM OF UNCONSTITUTIONALITY
Appellee contends that the provisions of the Dead Man’s Statutes are unconstitutional. The language of La.R.S. 13:3721 and 3722 is clear and unambiguous. The statutes mandate clearly and expressly that parol evidence shall be incompetent to prove any debts against a deceased debtor except in a limited class of cases. Hava v. Cafiero, 157 La. 1007, 103 So. 294 (1925). When a law is clear and free from all ambiguity, it must be given effect as written. La.C.C. Art. 13; Succession of Manion, 148 La. 98, 86 So. 667 (1920), on rehearing, at 86 So. 668. Therefore, we find La.R.S. 13:3721 and 3722 constitutionally valid and fully applicable to the case sub judice. The provisions of La.R.S. 13:3721 and 3722 prohibit recovery of any amount except for $234.00 (for payment of debts after the death of the decedent) which was recognized and included in the proposed Tableau of Distribution.
DECREE
For the above and foregoing reasons, the judgment of the trial court which awarded Mrs. Charrier $2,004.60 (with legal interest from date of judicial demand until paid) plus all costs is reversed and her claims are ordered dismissed.
Costs both at trial and on appeal are assessed against Mrs. Charrier.
REVERSED.

. The district court sustained the plea of three years prescription. This prevented recovery of that portion of Mrs. Charrier’s claim which arose before August, 1979 (three years prior to the date Mrs. Charrier presented her claim to the attorney for the heirs of the decedent).

. The Official Revision Comments to La.C.C.P. Art. 2826 clarify this term:
“The term 'succession representative’ is used throughout the articles in this Book dealing with the rights, duties, power, and authority common to administrators, provisional administrators, administrators of vacant successions, executors, and dative testamentary executors, for purposes of brevity, and to avoid repeated enumeration of all of these succession representatives.”

. La.C.C. Art. 3538 provides:
"The following actions are prescribed by three years:
That for arrearages of rent charge, annuities and alimony, or of the hire of movables and immovables.
That for the payment of money lent.
That for the salaries of overseers, clerks, secretaries, and of teachers of the sciences who give lessons by the year or quarter.
That of physicians, surgeons and apothecaries for visits, operations and medicines.
That of parish recorders, sheriffs, clerks and attorneys for their fees and emoluments.
That on the accounts of merchants, whether selling for wholesale or retail.
That on the accounts of retailers of provisions, and that of retailers of liquors, who do not sell ardent spirits in less quantities than a quart.
That on all other accounts.
This prescription only ceases from the time there has been an account acknowledged in writing, a note or bond given, or an action commenced.”

.La.C.C. Art. 3534 provides:
“The following actions are prescribed by one year:
That of justices of the peace and notaries, and persons performing their duties, as well as that of constables, for the fees and emoluments which are due to them in their official capacity.
That of masters and instructors in the arts and sciences, for lessons which they give by the month.
That of innkeepers and such others, on account of lodging and board which they furnish.
That of retailers of liquors, who. sell ardent spirits in less quantities than one quart.
That of workmen, laborers and servants, for the payment of their wages.
*738 That for the payment of the freight of ships and other vessels, the wages of the officers, sailors.and others of the crew.
That for the supply of wood and other things necessary for the construction, equipment and provisioning of ships and other vessels."

. Effective January 1, 1984, La.C.C. Arts. 3538 and 3534 were vacated, amended, and reenacted as La.C.C. Arts. 3494.