518 So.2d 1085 (1987)
In re SUCCESSION OF Eva Donivan LARMORE.
No. CA 86 1135.
Court of Appeal of Louisiana, First Circuit.
November 13, 1987.
*1086 E.B. Dittmer, III, Bogalusa, for plaintiff-appellant Betty McMillian.
John N. Gallaspy, Bogalusa, for defendant-appellee.
Before LOTTINGER, EDWARDS and ALFORD, JJ.
LOTTINGER, Judge.
Plaintiff-appellant, Mrs. Betty McMillan, appeals from the trial court's decision to omit from the tableau of distribution a claim for services she allegedly rendered to the decedent.

FACTS
Eva Donivan Larmore died December 10, 1984. On Dec. 5, 1985 appellant, Mrs. McMillan, submitted to the co-executors of the succession on an unsworn claim for the value of services she claims to have rendered to decedent. On February 18, 1986, the co-executors filed a tableau of distribution. Appellant opposed the tableau of distribution because it did not include her claim. Appellant sought to introduce parol evidence to prove her claim. The appellee objected arguing La.R.S. 13:3721,[1] which cites La.Code Civ.P. art. 3245[2], prohibits *1087 admission of parol evidence unless a sworn, formal proof of claim is submitted to the succession representative(s) within a year of the decedent's death.

TRIAL COURT
The trial court sustained the objection to the admission of parol evidence, denied appellant's claim for services, and approved the proposed tableau of distribution.

ASSIGNMENTS OF ERROR
Appellant assigns the following errors:
1. The trial court erred in holding that, because appellant's proof of claim was not verified, parol evidence was inadmissible to prove appellant's claim; and
2. The trial court erred in disallowing appellant's opposition to the tableau of distribution which omitted her claim for the value of services rendered to the decedent.

ASSIGNMENT OF ERROR NO. 1
Appellant argues the requirement the claim be sworn is a mere formality, substantial compliance should suffice because the primary concern of the statute is timely notice (however made) so as to protect the succession from stale and unfounded claims, and the succession representative owes a fiduciary duty to the legatees, heirs, and creditors.
La.R.S. 13:3721 permits the admission of parol evidence to prove a claim against the decedent in only four instances, one of which is that within one year of decedent's death, "(t)he claimant has submitted to the succession representative a formal proof of his claim against the succession, as provided in article 3245 of the Code of Civil Procedure." The latter requires a "formal written proof of the claim, sworn to by the claimant."[3] La.R.S. 13:3721 further provides, "[t]he provisions of this section cannot be waived impliedly through the failure of a litigant to object to the admission of evidence which is inadmissible thereunder."
Appellant argues the primary concern of La.R.S. 13:3721 is the one-year requirement because it applies to all four methods of presenting a claim, whereas only one of the methods requires verification. We disagree. As appellant herself argues, the purpose of the statute is to prevent "stale and unfounded (emphasis added) claims from being filed against the succession...." Succession of Otts, 400 So.2d 1175 (La.App. 1st Cir.1981).
In Successions of Marcotte, 449 So. 2d 732 (La.App. 3rd Cir.1984), a case also involving an unsworn claim, the court disallowed the parol evidence. In its reasoning, the court stated, "[i]n order to preserve the purpose of La.R.S. 13:3721, the statute must be strictly construed." Appellant attempts to distinguish that case by contending the claim was barred not because of one deficiency, namely that it was unsworn, but because of several deficiencies, i.e., there was no succession representative nor was the succession under an administration. Appellant argues the basis for the decision was "the procedure employed failed to insure adequate notice." We again disagree. Timely notice is only one requirement. The Marcotte court was quite clear when it stated the statute must be strictly construed and accordingly cited each statutory requirement not met. In addition, the court noted there was no administration, which precluded claimant from asserting he had chosen the "informal" method of presenting his claim allowed by La.Code Civ.P. art. 3241.[4]
Next, appellant argues "substantial compliance" with La.R.S. 13:3721 should *1088 suffice. Olinkraft, Inc. v. Gerard, 364 So.2d 639 (La.App. 2d Cir.1978); Arkansas-Louisiana Gas Co. v. Parker Oil Co., 190 La. 957, 183 So. 229 (1938); State Department of Highways v. Claitor, 289 So. 2d 527 (La.App. 1st Cir.1973); Village of Folsom v. Alford, 204 So.2d 100 (La.App. 1st Cir.1967); Banta v. Federal Land Bank of New Orleans, 200 So.2d 107 (La. App. 1st Cir.1967); and Succession of Porche, 288 So.2d 27 (La.1973).
These cases are all inapposite to the case sub judice. Olinkraft dealt with a breach of contract. Arkansas-Louisiana Gas Co. v. Parker Oil Co., Village of Folsom v. Alford, State Department of Highways v. Claitor, and Banta v. Federal Land Bank of New Orleans, all dealt with substantial compliance with statutory dedication of roads and not with the statute governing presentation of claims against a succession.
In Succession of Porche the testator failed to sign below the attestation clause as required by La.R.S. 9:2442(3). The court held the attestation clause is designed merely to evidence compliance with formalities and the will "substantially complied with statutory formalities." Appellant urges La.R.S. 13:3721 should be interpreted likewise. Its intent, she contends, is to provide timely notice of a claim to the executor, and it is immaterial whether the claim is verified. This court disagrees.
Succession of Porche, is not applicable for several reasons. It involved the prospect of voiding an entire will because the testator did not sign below the attestation clause, but signed above the attestation clause with the witnesses and notary public signing below the clause.
After all, the purpose of the attestation clause is primarily to evidence, at the time the will was executed, that the statutory formalities (Requirements 1 and 2) had been satisfied. When, in fact, the instrument as a whole shows that these formalities have been satisfied, we see no reason why technical variations in the attestation clause-which is designed merely to evidence compliance with the formalities-should defeat the dispositive portions of an otherwise valid will. Id. at 29. (Emphasis by Supreme Court).
In the case sub judice, the requirement the proof of claim be sworn is not a mere formality. Rather, it reflects the very purpose of the statute, i.e., to protect the succession from "stale and unfounded" claims the decedent could have refuted if he were alive. Succession of Otts.

ASSIGNMENT OF ERROR NO. 2
This assignment was not briefed, and is thus considered abandoned. Rule 2-12.4, Uniform RulesCourts of Appeal.
By supplemental brief appellant argues the succession representative owes a fiduciary duty to the legatees, heirs, and creditors, and thus when the appellant filed an unsworn claim, the succession representative had a duty to inform appellant of the defect in her claim.
The cases cited[5] by appellant in support of this argument are inapposite to the case sub judice. The fiduciary duty of the succession representative as to legatees, heirs, and creditors is intended to disallow any conflict of personal interest between the succession representative and the legatees, heirs, and creditors.
Thus, we conclude that the trial judge was correct in disallowing the introduction of parol evidence in support of appellant's claim.
Therefore, the judgment appealed is affirmed at appellant's costs.
AFFIRMED.
EDWARDS, J., dissents and will assign written reasons.
NOTES
[1] La.R.S. 13:3721 provides:

Parol evidence shall not be received to prove any debt or liability of a deceased person against his succession representative, heirs, or legatees when no suit to enforce it has been brought against the deceased prior to his death, unless within one year of the death of the deceased:
(1) A suit to enforce the debt or liability is brought against the succession representative, heirs, or legatees of the deceased;
(2) The debt or liability is acknowledged by the succession representative as provided in Article 3242 of the Code of Civil Procedure, or by his placing it on a tableau of distribution, or petitioning for authority to pay it;
(3) The claimant has opposed a petition for authority to pay debts, or a tableau of distribution, filed by the succession representative, on the ground that it did not include the debt or liability in question; or
(4) The claimant has submitted to the succession representative a formal proof of his claim against the succession, as provided in Article 3245 of the Code of Civil Procedure.
The provisions of this section cannot be waived impliedly through the failure of a litigant to object to the admission of evidence which is inadmissible thereunder. As amended Acts 1960, No. 32, § 1.
[2] La.Code Civ.P. art. 3245 provides:

A creditor may suspend the running of prescription against his claim by delivering personally or by certified or registered mail to the succession representative a formal written proof of the claim, sworn to by the claimant, setting forth:
(1) The name and address of the creditor;
(2) The amount of the claim, and a short statement of facts on which it is based; and
(3) If the claim is secured, a description of the security and of any property affected thereby.
If the claim is based on a written instrument, a copy thereof with all endorsements must be attached to the proof of the claim. The original instrument must be exhibited to the succession representative on demand, unless it is lost or destroyed, in which case its loss or destruction must be stated in the claim.
The submission of this formal proof of claim, even though it be rejected subsequently by the succession representative, shall suspend the running of prescription against the claim as long as the succession is under administration. Source: New; cf. Model Probate Code, § 137.
[3] See footnote 2.
[4] Article 3241 states:

A creditor of a succession under administration may submit his claim to the succession representative for acknowledgment and payment in due course of administration.
Except for the purposes of Article 3245, no particular form is required for the submission of a claim by a creditor of the succession other than that it be in writing. (Emphasis added).
[5] Succession of Mangle, 452 So.2d 197 (La.App. 3rd Cir.1984), writ denied 452 So.2d 1176 (La. 1984); Succession of Rosenthal, 369 So.2d 166 (La.App. 4th Cir.1979), writ denied 371 So.2d 1345 (La.1979); Succession of Anderson, 323 So. 2d 827 (La.App. 4th Cir.1975).