CRAIN, J.,
concurring in part, dissenting in part.
I concur in the majority’s decision to reverse that part of the trial court’s judgment that authorized payment for attorney fees and the fees for Dr. Herbert W. Le-Bourgeois, and dissent from the decision to affirm that part of the judgment authorizing any other payments.
Decedent died November 25, 2012. When tableaus of distribution numbered nine, ten, eleven and twelve were presented to the trial court for approval, eight previous tableaus of distribution had been approved authorizing the expenditure of almost $300,000 of succession money; yet, no detailed descriptive list had been filed, an unresolved will contest existed with no will having been probated, and the succession administrator was operating under a conflict of interest relative to his fiduciary duties owed to the succession. Under these circumstances, it was an abuse of the trial court’s discretion to approve tableaus of distribution numbered nine, ten, eleven and twelve, which sought authority to spend another $96,871.36 of succession money.
The expenses listed in the tableaus relate to matters in which the administrator has a significant personal interest. That interest derives from the unresolved will contest. The 2007 will, filed for probate by the administrator, lists the administrator as a legatee. The 2011 will, filed by the decedent’s wife, lists the decedent’s grandson, Joshua, and the decedent’s wife as legatees, and the administrator is excluded. Consequently, the will contest pits the administrator against the legatees under the 2011 will. It is apparent that the decisions of the administrator and the manner of administration are affected by who the beneficiaries are under the will. The administrator owes a fiduciary duty to the presumptive heirs to preserve the succession property and to close the succession as soon as practicable. See La. Civ. Code arts. 3191 A, 3221. This fiduciary relationship prohibits any conflict of personal interests between the administrator and the legatees, heirs, and creditors. See La. Code Civ. Pro. art. 3191, Comment (a), Official Revision Comments—1960; Succession of Larmore, 518 So.2d 1085, 1088 (La.App. 1 Cir.1987).
A hearing has not been held to determine which testament will be admitted to probate. Until that issue is resolved, and subject to few exceptions, none of which are applicable here, the functions of the administrator are limited to his overriding duty to “protect and conserve” the estate, essentially maintaining the status quo. See Succession of Kilpatrick, 422 So.2d 483, 491-92 (La.App. 2 Cir.1982) writ denied, 429 So.2d 126 (La.1983). Here, the administrator has not maintained the status quo. At his request, the trial court has approved eight previous tableaus of distribution. Some, if not most, of that money has been spent challenging the capacity of the decedent to make donations to Joshua in 2009 and to execute the 2011 will. The burden of persuasion to set aside the 2011 will is proof by clear and convincing evidence. See La. Civ. Code art. 1482. That will is presumed valid, and the testator is presumed competent. See In re Succession of Holbrook, 13-1181 (La. 1/28/14), 144 So.3d 845, 853; In re Succession of Bel-lande, 13-0578, 2013WL7122700 (La.App. 1 Cir. 12/27/13), writ denied, 14-0615 (La. 4/25/14), 138 So.3d 1233. On the current path, if the administrator is unsuccessful in challenging the 2011 will, then under either the 2009 donations (if upheld) or the *1160 2011 will (if the donations are rescinded), Joshua will still receive the assets, except that the estate will have been depleted by the amount of expenses incurred in the fruitless pursuit.
The trial court, in compliance with Louisiana Code of Civil Procedure article 3094, ordered the administrator to file an inventory or detailed descriptive list by no later than May 6, 2013. After six extensions, neither- an inventory nor a detailed descriptive list was filed as of the time the subject tableaus of distribution were filed. Then, over the objection of the presumptive legatees, the tableaus were approved with the trial court relying solely upon the unsubstantiated assertion of counsel for the administrator that the estate has sufficient funds available to pay the listed expenses. Louisiana Code of Civil Procedure article 3303 requires that a tableau of distribution list the proposed payments according to the rank of the privileges and mortgages of the creditors “if the available funds are insufficient to pay all the estate debts in full.” (Emphasis added.) Here, it cannot be determined whether all debts can be paid in full until the inventory or detailed descriptive list is filed. See Succession of Kilpatrick, 422 So.2d at 489.'
The administrator has sought, and continues to seek, to use substantial assets of this succession to pursue interests which are directly in conflict with his fiduciary duty, and without filing the inventory or detailed descriptive list previously ordered by the trial court. Under these circumstances, the trial court abused its discretion' in approving tableaus of distribution numbered nine, ten, eleven, and twelve.
Any expenditure of estate funds to challenge the 2009 donations must await the resolution of the will contest, which contest cannot be funded by the succession. Otherwise, the presumptively valid 2011 will must be admitted to probate and executed